UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80682-RAR

**LOVEUS THEVENIN**,

    Plaintiff,

v.

**RIC L. BRADSHAW, PALM BEACH COUNTY SHERIFF**, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** comes before the Court on *sua sponte* review of the docket and Plaintiff's *pro se* civil rights Complaint under 42 U.S.C. § 1983, [ECF No. 1] ("Compl."). Plaintiff alleges that Sheriff Ric Bradshaw and an unknown employee of the Palm Beach County Jail wrongfully accused him of possessing contraband and then prosecuted him for violating FLA. STAT. § 951.22. *See id.* at 2. After careful review, the Court finds that the Complaint must be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.

## LEGAL STANDARD

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* § 1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint[] or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted[;]" or (2) "seeks monetary relief from a defendant who

is immune from such relief." *Id.* § 1915A(b).  Similarly, under § 1915(e)(2), "the court *shall* dismiss [a] case *at any time* if the court determines that . . . the action" fails for the same enumerated reasons articulated under § 1915A.  *Id.* § 1915(e)(2)(B) (emphasis added).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

If a plaintiff fails to set forth a legally sufficient claim for relief, either because the complaint lacks sufficient factual support or because the complaint fails to comport with the appropriate procedural rules, its usefulness is substantially diminished.  Still, a *pro se* litigant must generally "be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).  "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

## ANALYSIS

Plaintiff alleges that, prior to February 1, 2024, he shared a cell at the Palm Beach County Jail with an inmate named "Cruz." *See* Compl. at 2. Cruz was eventually removed from the cell after "several inmates alerted the unit supervisor," presumably because Cruz made "homicidal and suicidal threats aloud." *Id.* at 2–3. When jail employees eventually searched the cell and Cruz's belongings on February 1, 2024, they discovered a "2.5 [inch] sharpened piece of metal" under a "cell desk." *Id.* at 2. Plaintiff alleges that Defendants wrongly believed that the contraband belonged to him, that Plaintiff "was found guilty by a hearing board" for possessing the contraband, that he was placed in "30 days of disciplinary confinement," and that he was eventually charged in state court with violating FLA. STAT. § 951.22. *Id.*; *see also* FLA. STAT. § 951.22(1)(i) (prohibiting the possession of "any instrumentality customarily used or which is intended to be used as a dangerous weapon" while incarcerated at a "county detention facility"). Plaintiff's state court charges were dropped on May 7, 2024. *See* Compl. at 2. Plaintiff argues that, by wrongfully charging him with this offense, Defendants have "committed slander" and "violated [Plaintiff's] right to protection from Cruel and Unusual Punishment under the Eighth Amendment[.]" *Id.*

The Court finds that, even when assuming all of the allegations in the Complaint are true, Plaintiff has failed to state a claim under § 1983.[1] To prevail under § 1983, "a plaintiff must

---

[1] Plaintiff's Complaint is also deficient because it fails to name a proper defendant. Plaintiff cannot sue a "John Doe" defendant since "fictious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Likewise, a supervisory official (like Sheriff Bradshaw) is not liable under § 1983 unless the plaintiff shows that "the supervisor personally participate[d] in the alleged unconstitutional conduct" or that "there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not met the heightened pleading requirements to plausibly allege supervisory liability against Sheriff Bradshaw. *See generally* Compl.

demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998). None of Plaintiff's allegations establish that Defendants violated a right guaranteed to him under the Constitution or federal law. First, "claims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983 civil rights action." *Charles v. Scarberry*, 340 F. App'x 597, 599–600 (11th Cir. 2009) (citing *Paul v. Davis*, 424 U.S. 693, 711–12 (1976)); *see also Paulk v. Benson*, No. 22-CV-80126, 2022 WL 1238544, at *3 (S.D. Fla. Apr. 27, 2022) (holding the same), *aff'd*, No. 22-11635, 2023 WL 5624537 (11th Cir. Aug. 31, 2023).

Second, being falsely charged with violating jail or prison rules—even if that charge results in disciplinary confinement—also does not state a violation of federal law. Prison disciplinary proceedings do not run afoul of the Constitution unless an inmate is denied procedural due process, *see O'Bryant v. Finch*, 637 F.3d 1207, 1213 (11th Cir. 2011), or the conditions of his confinement are unconstitutional, *see Meachum v. Fano*, 427 U.S. 215, 224 (1976). Plaintiff admits that he had a "hearing" on the disciplinary charges and does not allege that the conditions of his "disciplinary confinement" were inherently unconstitutional; he merely asserts that he was punished for a violation he did not commit. *See* Compl. at 2. But being falsely charged with violating the jail's rules does not violate the Constitution so it does not implicate § 1983. *See Rodgers v. Singletary*, 142 F.3d 1252, 1252–53 (11th Cir. 1998) (holding there was no "deprivation of a protected liberty interest" where the plaintiff was placed "in administrative confinement" on the basis of "a false disciplinary report"); *Fretwell v. Arrant*, No. 08-CV-56, 2009 WL 2168697, at *2 (N.D. Fla. July 17, 2009) ("The filing of false disciplinary charges against an inmate does not alone amount to a

constitutional violation. . . . [T]he consequences of such an act likewise do not constitute constitutional claims." (cleaned up)).

Third, Plaintiff's constitutional rights were not violated when he was briefly charged with violating FLA. STAT. § 951.22 in state court. Although Plaintiff alleges that this charge violated his Eighth Amendment rights, *see* Compl. at 2, being charged with a crime is not a "punishment" within the meaning of the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 318 (1986) (explaining that the Eighth Amendment "was designed to protect those convicted of crimes" (emphasis added)); *see also United States v. Lovett*, 328 U.S. 303, 324 (1946) (Frankfurter, J., concurring) ("The fact that harm is inflicted by governmental authority does not make it punishment. Figuratively speaking all discomforting action may be deemed punishment because it deprives of what otherwise would be enjoyed."). Instead, the Court presumes that Plaintiff intended to bring a "malicious prosecution" claim under the Fourth Amendment, which occurs when a person is "seized" pursuant to legal process without probable cause. *See Thompson v. Clark*, 596 U.S. 36, 42 (2022). To prove the elements of a Fourth Amendment malicious prosecution claim, Plaintiff must show that: (1) "a criminal prosecution [was] instituted or continued" by Defendants; (2) the prosecution was "with malice and without probable cause"; (3) the prosecution "terminated in [Plaintiff's] favor"; (4) the prosecution "caused damage" to Plaintiff; (5) "the legal process justifying [Plaintiff's] seizure was constitutionally infirm"; and (6) the seizure "would not otherwise be justified without legal process." *Butler v. Smith*, 85 F.4th 1102, 1111–12 (11th Cir. 2023) (cleaned up).

Since the very facts alleged by Plaintiff suggest that Defendants had arguable probable cause to charge Plaintiff with violating § 951.22, Plaintiff fails to state a viable malicious prosecution claim. The mere existence of "arguable probable cause" (let alone actual probable

cause) is sufficient to "defeat a § 1983 malicious prosecution claim." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019). "Arguable probable cause exists when a reasonable officer 'in the same circumstances and possessing the same knowledge as the defendant could have believed that probable cause existed to arrest.'" *Paulk*, 2023 WL 5624537, at *3 (quoting *Gates v. Khokar*, 884 F.3d 1290, 1298 (11th Cir. 2018)). "The concept of arguable probable cause therefore allows for the possibility that an officer might reasonably but mistakenly conclude that probable cause is present." *Gates*, 884 F.3d at 1298 (internal quotation marks omitted). Put another way, a malicious prosecution claim will fail as a matter of law if a reasonable person—when presented with the same facts—could conclude that there is "a probability or substantial chance of criminal activity[.]" *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983)).

Here, Defendants accused Plaintiff of violating FLA. STAT. § 951.22, which Plaintiff argues was unreasonable because the "sharpened piece of metal" found in his cell likely belonged to Cruz. *See* Compl. at 2.[2] A criminal defendant is guilty of violating § 951.22 if he or she knowingly "introduced contraband into a county detention facility" without being authorized to do so by the sheriff or his designee. *Valdez v. State*, 189 So. 3d 1050, 1051 (Fla. 2d DCA 2016). Knowledge can be imputed to the defendant "by proof of actual or exclusive constructive possession" or through "non-exclusive constructive possession" and additional corroborating evidence. *State v. Oxx*, 417 So. 2d 287, 291 (Fla. 5th DCA 1982). The facts in the Complaint establish that Defendants could have reasonably believed that Plaintiff had exclusive constructive possession of the contraband since it was found in Plaintiff's cell under a desk. *See* Compl. at 2; *see also Lee v. State*, 835 So. 2d 1177, 1179 (Fla. 4th DCA 2002) (defining "exclusive constructive possession"

---

[2] Plaintiff never explicitly says this, but that is the only reasonable inference the Court can draw from the facts alleged in the Complaint. *See* Compl. at 2–3.

as an ability, that is "vested in one person alone," "to exercise dominion and control" over an item (internal citations omitted)). An assumption that Plaintiff exercised exclusive constructive possession is reasonable because the makeshift weapon was not found amongst Cruz's belongings and Cruz no longer had access to the cell where the contraband was found. *See* Compl. at 2. While Plaintiff tries to use Cruz's absence as proof that the contraband had to belong to Cruz, a reasonable officer could have easily reached the opposite conclusion—that Plaintiff acquired the sharpened metal <u>after</u> Cruz was removed from the cell. *See id.*

Although it is certainly <u>possible</u> that the contraband really belonged to Cruz, or that a more in-depth investigation at the outset might have exonerated Plaintiff, the Court cannot say on these facts that it was <u>unreasonable</u> for Defendants to believe that Plaintiff had exclusive constructive possession over a makeshift weapon that was found under a desk in Plaintiff's cell. *See Gates*, 884 F.3d at 1298; *see also Washington v. Rivera*, 939 F.3d 1239, 1248 (11th Cir. 2019) (holding that defendants' failure "to discover easily discoverable facts" during an investigation did not violate the Fourth Amendment) (internal quotations and citation omitted). Since there was arguable probable cause to charge Plaintiff with violating FLA. STAT. § 951.22, the Court finds that Plaintiff fails to state a malicious prosecution claim against Defendants.

In most instances, "a district court must grant a [*pro se*] plaintiff at least one opportunity to amend their claims before dismissing them 'if it appears a more carefully drafted complaint might state a claim upon which relief can be granted' even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). However, the court is not required to grant this courtesy "where amendment would be futile." *Bryant*, 252 F.3d at 1163. Since there is no circumstance where

Plaintiff can state a viable claim under § 1983, the Court will dismiss Plaintiff's Complaint without granting leave to amend. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Complaint, [ECF No. 1], is **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). All pending motions are **DENIED** as moot. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 31st day of May, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**